IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VAUGHN HARRIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:25-cv-01068 |
| METRO NASHVILLE GOVERNMENT OF TENN., | ) ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On September 19, 2025, Davidson County inmate Vaughn Harris filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) On November 3, 2025, Petitioner filed what amounts to a motion to amend his Petition (Doc. No. 7), together with a proposed Amended Petition. (Doc. No. 7-2.)

The motion to amend (Doc. No. 7) is **GRANTED**. The Clerk **SHALL** file Docket Number 7-2 as the next entry on the docket of this case and designate it as "Amended Petition."

Because Petitioner's IFP application complies with Rule 3(a)(2) of the Rules Governing § 2254 Cases ("Habeas Rules")[1] and demonstrates that he cannot reasonably afford the five-dollar filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

The Amended Petition is now before the Court for initial review.

---

[1] These Rules apply to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

# I. INITIAL REVIEW

Habeas Rule 4 requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

A. <u>Claims of the Amended Petition</u>

The Amended Petition challenges the legality of proceedings in Davidson County case number 2024-D-2521. (Doc. No. 7-2 at 2.) That case is pending before the Davidson County Circuit Court, where Petitioner is charged with aggravated assault with a deadly weapon, a crime he allegedly committed on July 6, 2024 while he was serving a suspended sentence on Community Corrections for prior offenses. *See* Davidson County Criminal Court Clerk's database, https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=VAUGHN%5EHARRIS%5E01011960%5E98865 (last visited Nov. 4, 2025) (indicating that Petitioner was given multiple suspended sentences of probation on Community Corrections in case numbers 2013-C-2114 and 2019-D-3061; that those Community Corrections sentences were "Reinstated 6-6-24"; and that Petitioner was subsequently charged with violating the conditions of that probation as a result of the offense that was allegedly committed on July 6, 2024 and charged as aggravated assault with a deadly weapon in case number 2024-D-2521)[2]; *see also* Doc. No. 7-2 at 7 (claiming

---

[2] The Court may take judicial notice of such facts. *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969))).

that case number 2024-D-2521 has been unlawfully "used to violate the probation of case 2019-D-3061").[3]

Petitioner claims that he is "being illegally imprisoned under a false charge . . . because of perjury testimony given by a prosecution witness" at a preliminary hearing on July 22, 2024, without any other evidence to corroborate the witness's testimony. (Doc. No. 7-2 at 6.) Petitioner refers to the preliminary hearing in General Sessions court as his "preliminary trial" and claims that his attorney denied him the right to testify at that proceeding, thereby depriving him of his right to "a fair trial." (*Id.*) He further claims that the prosecution of case number 2024-D-2521 violates his right not to be exposed to double jeopardy as it is "being used . . . to hold [him] past [his] expired sentence [in case number 2019-D-3061] illegally." (*Id.* at 7, 8.)[4] Petitioner asks the Court "to order that all [his] cases be ruled perjury and illegal prosecutions" and to dismiss them as such. (*Id.* at 7.) Alternatively, he asks the Court to order Judge Chappell to "recuse and remove herself . . . for bias and prejudice" and to transfer his cases to "ment[al] health court." (*Id.*)

B. <u>Analysis</u>

Petitioner challenges the legality of his detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless

---

[3] The Davidson County Criminal Court Clerk's records reveal that Petitioner appeared before Circuit Court Judge Cynthia Chappell on September 11, 2025 for a probation violation proceeding in case number 2019-D-3061.

[4] Petitioner's bare allegation that his sentence in case number 2019-D-3061 was "expired" when the criminal conduct alleged in case number 2024-D-2521 was used to revoke his probation (Doc. No. 7-2 at 7) is both conclusory and at odds with the records in the Davidson County Criminal Court Clerk's database. The Court therefore does not construe the Amended Petition to raise a separate claim that Petitioner is being held in custody past the expiration of his sentence in case number 2019-D-3061.

3

they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. *Atkins*, 644 F.2d at 549. While a detainee may seek such relief pursuant to Section 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)).

Even when a colorable Section 2241 claim is presented, the Court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Id.* (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971).

Here, while the Amended Petition claims that Petitioner's prosecution exposes him to double jeopardy, it does not give any indication that a double jeopardy claim has been exhausted in the state trial and appellate courts. *See Braden*, 410 U.S. at 490 (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust). The Sixth Circuit in *Atkins* found that a Section 2241 claim was fully exhausted after the claimant raised the claim in the trial court and on appeal, first to the intermediate state appellate court and then to the state supreme court, such that "no avenue remained in the state court system" and the petitioner's "only recourse was to the federal [habeas] court[]." *Atkins*, 644 F.2d at 550. Whereas in this case, the Court cannot

4

infer from the face of the Amended Petition that Petitioner has raised and fully exhausted a double jeopardy claim in the state courts.[5]

As to the Amended Petition's remaining claims—that Petitioner was deprived of fundamental fairness when perjurious testimony was used against him at his preliminary hearing and his own lawyer refused to allow him to testify—such claims are not properly before the Court in this pretrial habeas case. As this Court has previously stated:

> As to both Petitioner's due process claim and his ineffective-assistance claim, moreover, a Section 2241 habeas petition is not the proper vehicle to consider these claims. That is because they "fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that 'may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'" *MPawinayo v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2 (M.D. Tenn. May 18, 2021) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)) (rejecting pretrial detainee's federal habeas claims of ineffective assistance and "prosecution by valid indictment or presentment"). If Petitioner is convicted in state court, he may bring due process and/or ineffective-assistance claims in a federal habeas petition filed under 28 U.S.C. § 2254, following the proper exhaustion of state court remedies for those claims. *See Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979) (rejecting due process claim in pretrial habeas petition because "post-conviction habeas corpus remedies are available in the federal courts" "[a]fter exhaustion of remedies in the state courts"); *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings"). In this pretrial habeas proceeding, however, these two claims will be summarily dismissed.

*Taylor v. Hall*, No. 3:22-CV-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022).

In sum, given the ongoing proceedings against Petitioner in state court and his failure to exhaust available remedies there, the Court cannot find that his "only recourse was to the federal

---

[5] Notably, even if Plaintiff had exhausted his double jeopardy claim, it is well established that the State does not violate double jeopardy rights by relying upon the same alleged criminal conduct both to pursue probation revocation proceedings and to prosecute a new criminal charge, as "double jeopardy does not attach to probation revocation proceedings." *United States v. Taylor*, No. CV 6:21-CR-062-CHB, 2021 WL 6066271, at *1 (E.D. Ky. Dec. 22, 2021) (citing, *e.g.*, *United States v. Miller*, 797 F.2d 336, 340–41 (6th Cir. 1986)).

courts by way of a petition for habeas corpus." *Atkins*, 644 F.2d at 550. Accordingly, the Court must refrain from exercising jurisdiction under Section 2241.

## II. CONCLUSION

As explained above, upon initial review of the Amended Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** as premature and procedurally improper, without prejudice to Petitioner's ability to refile in federal court after fully exhausting his remedies in the state courts. In light of the dismissal, Petitioner's remaining pending motions (Doc. Nos. 5, 6, 8, and 9) are **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE